Raymond BALDWIN, Private Attorney General, PAG; Class, Plaintiff-Appellant,

v.

**Barbie DOE, (Last name unknown), Clackamas County Deputy Clerk; et al., Defendants-Appellees.**

No. 17-35382

United States Court of Appeals, Ninth Circuit.

---

Submitted February 13, 2018 *

Filed February 22, 2018

Raymond Baldwin, Pro Se

Scott Charles Ciecko, Shawn A. Lillegren, Stephen L. Madkour, County Counsel, Clackamas County Counsel, Oregon City, OR, for Defendants-Appellees Barbie Doe, Janice Doe, John Doe, Sherry Hall

Sharia Mayfield, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendants-Appellees Jeanne Atkins, Kate Brown

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Raymond Baldwin appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In his opening brief, Baldwin fails to address the district court's grounds for dismissal and has therefore waived his challenge to the district court's order. *See Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are waived); *see also Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture argu-

ments for an appellant, and a bare assertion does not preserve a claim. . . .").

We reject as without merit Baldwin's contention that the district court erred by failing to allow oral argument.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.